**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Appellant,**

**v.**

**ATLANTIC COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 88–2325SI.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1989.

Decided July 19, 1989.

Estelle D. Franklin, Washington, D.C., for appellant.

John R. Phillips, Des Moines, Iowa, for appellee.

Before BEAM, Circuit Judge, MARKEY,[*] Chief Judge, and HENLEY, Senior Circuit Judge.

MARKEY, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's[1] judgment, entered on a jury verdict, that the Atlantic Community School District (Atlantic) did not commit age discrimination in deciding not to hire Thelma J. Parks (Parks). We affirm.

## I. BACKGROUND

In May of 1983 Parks, age 40 and with 10 years teaching experience, sought employment with Atlantic as a high school English teacher. Under Atlantic's collective bargaining agreement with the teachers' union, salary is determined by years of experience. Parks, whose experience would have dictated a salary of more than $18,000, was neither interviewed nor selected. Atlantic hired a 23 year old with two years experience at a salary of $14,867.

On May 16, 1986, the EEOC sued Atlantic under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq, alleging that Atlantic denied Parks the job because of her age. EEOC's theory of the case was that applicants with years of experience will necessarily be older, and when experience requires a higher salary under the employer's pay scale, it is age discrimination to hire a less experienced person to save money. The EEOC submitted evidence pertaining to whether Parks, as an individual or because of a policy of hiring younger, cheaper teachers, was discriminated against on the basis of age related salary considerations. EEOC also argued in its opening and closing statements that Atlantic denied Parks employment because of her age, experience,

and projected salary. Atlantic submitted evidence indicating non-discriminatory reasons for not hiring Parks, including the more recent and focused-on-drama-and-speech experience of the person hired.

At the close of all the evidence, the EEOC sought this jury instruction:

It is illegal under federal law for an employer to discriminate against older workers because they are higher in the employer's pay scale as a result of their years of experience. If you find that the salary level Mrs. Parks would have been eligible for because of her years of experience was a determining factor in defendant's decision not to hire her, you should find for the plaintiff.

The jury was instructed:

plaintiff must establish by a preponderance of the evidence either:

(a) That the reason or reasons advanced by the defendant are not the true reasons the defendant did not hire Mrs. Parks and that her age was the "determining factor." Plaintiff may satisfy this burden by proving that it was more likely that she was not hired because of her age than because of the reason or reasons stated by the defendant or by showing that the reasons offered by defendant are unworthy of belief;

OR

(b) That Mrs. Parks' age was a "discernible factor" in the defendant's decision not to hire her. Her age would be a discernible factor even though it was not a determining factor if plaintiff has established by a preponderance of the evidence that it was a motivation factor influencing to some degree defendant's employment decision not to hire Mrs. Parks.

Special interrogatory number 3 stated:

Has plaintiff established by a preponderance of the evidence: (Check only one)

_____(a) That it was more likely that Mrs. Parks was not hired because of

---

[*] The HONORABLE HOWARD T. MARKEY, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable W.C. Stuart, United States District Judge for the Southern District of Iowa.

her age than because of the reason or reasons stated by defendant,

OR

_____(b) That Mrs. Parks' age was a discernible factor in the decision of the defendant not to hire her for the teaching position,

OR

_____(c) Neither (a) or (b).

The jury checked (c), thus rendering a special verdict that Parks' age was neither a discernable or determining factor in Atlantic's decision not to hire her. On May 18, 1988, the court entered judgment. On June 2, 1988, EEOC moved for judgment notwithstanding the verdict or alternatively for new trial on the grounds that the verdict was against the weight of the evidence and the jury had been erroneously instructed. On July 1, 1988, the court denied that motion.

In a written order, the court addressed the allegation of error in refusing to give the proposed instruction:

> The Court is of the opinion that the equitable factors present in discharge, demotion or failure to promote cases justifying the close correlation between age and experience and cost saving considerations are not present in a new hire situation. The Court does not believe that the requested instruction which would require a finding of age discrimination in a new hire case if the older more experienced teacher was not hired because of cost is proper. Such a rule of law would give a clear preference to the protected class based on age alone, contrary to the Congressional intent. The additional cost generated by the additional experience is a factor that can be considered in determining whether age was a determinative factor in the employment decision not to hire, but the fact that the member of the protected class would cost more to hire should not compel the hiring of that person over a less experienced cheaper teacher.

On appeal, EEOC challenges only the refusal to give its proposed instruction.

## II. ISSUE

### A. ABUSE OF DISCRETION IN REFUSING THE PROPOSED INSTRUCTION

■ EEOC says its proposed instruction states the law and the absence of that instruction requires a new trial. *See Gander v. Mr. Steak of Sun Ray, Inc.*, 774 F.2d 920, 924 (8th Cir.1985). A party is entitled to a legally correct instruction supported by the evidence, but there is no entitlement to any particular language. *See Lackawanna Leather Co. v. Martin & Stewart, Ltd.*, 730 F.2d 1197, 1201 (8th Cir.1984).

■ When, as they must be, the court's instructions are viewed as a whole, it is clear that they fairly present the applicable legal principles and standards. *See Grogan v. Garner*, 806 F.2d 829, 836 (8th Cir. 1986). The central issue in age discrimination cases is whether adverse employment discrimination was suffered because of age. *See* 29 U.S.C. § 623(a)(1) (1982). The court correctly stated the law on that issue in its instruction that the jury must find for EEOC if it decided age was either a discernable or determining factor in Atlantic's decision not to hire Parks. Those instructions were neither misleading nor confusing and properly emphasized the jury's duty to determine whether Parks was not hired because of age. *See Lackawanna*, 730 F.2d at 1201; *Stineman v. Fontbonne College*, 664 F.2d 1082, 1087 (8th Cir.1981).

Nothing in the instructions given would have prevented the jury from finding for EEOC had it believed age was a discernable or determining factor in Atlantic's hiring decision because Parks' experience dictated a higher salary. The jury's special verdict indicates that it credited Atlantic's non-discriminatory reasons for not hiring Parks, and EEOC simply failed to carry its burden of showing that Parks's age was a discernable or determining factor in Atlantic's hiring decision.

Moreover, EEOC has not established that its proposed instruction was a correct statement of the law applicable in this case. Although EEOC correctly states that the ADEA does not distinguish age discrimina-

tion in hire from age discrimination in discharge situations, *see* 29 U.S.C. § 623(a)(1), it fails to recognize the flaw in its proposed instruction. Because that instruction equates age 40 and over with experience, it would require a finding of age discrimination whenever an applicant 40 and over is not hired by an employer who has agreed to pay salaries based on experience. It would also impermissibly result in a distinction between applicants who have the same experience on the sole basis of whether they were over or under 40. Nowhere, for example, does EEOC adequately refute the district court's recognition that acceptance of EEOC's instruction as a statement of the law would, contrary to the ADEA, effectively require a preference in hiring of those 40 and over.[2]

The cases EEOC cites involve persons who, unlike Parks, had an employment relationship with the employer before age-related salary discrimination occurred. *See, e.g., Leftwich v. Harris Stowe State College,* 702 F.2d 686, 691–92 (8th Cir.1983) ("new" college committed age discrimination by choosing non-tenured faculty member of "old" college); *Geller v. Markham,* 635 F.2d 1027, 1030 (2d Cir.1980), *cert. denied,* 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed. 2d 332 (1981) (school district committed age discrimination by replacing a 55 year old teacher two weeks after she began work); *see also Dace v. ACF Indus.,* 722 F.2d 374, 378 (8th Cir.1983); *Metz v. Transit Mix, Inc.,* 828 F.2d 1202, 1208 (7th Cir.1987).

■ If it be assumed, arguendo, that refusal to give EEOC's proposed instruction were error, that would not change the result on this appeal. Jury instructions are subject to the "harmless error" rule requiring a determination of whether the error affected the "substantial rights of the parties." *Circle J Dairy v. A.O. Smith Harvestore Prods.,* 790 F.2d 694, 698 (8th Cir.1986); *Minnesota Mutual Life Ins. Co. v. Wright,* 312 F.2d 655, 661 (8th Cir.1963). Nothing in the instruction as a whole resulted here in an unfair trial.

■ Because EEOC's theory of the case was apparent to the jury throughout the trial, and because the instructions given neither failed to guide the jury on the central issue of age discrimination nor inhibited the jury in making such a finding, error in failing to give the proposed instruction, if error there were, would have been harmless. *See Beard v. Mitchell,* 604 F.2d 485, 497 (7th Cir.1979). In sum the jury could have, but simply chose not to, agree with EEOC's theory of the case.

In view of the wide latitude properly enjoyed by district courts in framing the form and language of jury instructions, we cannot say the district court abused its discretion in declining to give EEOC's proposed instruction. *See Federal Enters., Inc. v. Greyhound Leasing & Fin. Corp.,* 849 F.2d 1059, 1061 (8th Cir.1988); *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 904 (8th Cir.1985); *Keltner v. Ford Motor Co.,* 748 F.2d 1265, 1267 (8th Cir.1984); *Board of Water Works Trustees v. Alvord, Burdick & Howson,* 706 F.2d 820, 823 (8th Cir.1983).

---

2. In quoting the district court in its brief, EEOC substituted ellipses for the portion we emphasize here: "If the law makes invalid consideration of [the experience dictated salary] factor *because plaintiff was 40 rather than 39,* the failure of the court to tell the jury that it was illegal for the defendant to take into consideration the difference in cost of a new hire, [sic] could have prejudiced the plaintiff."