**Otho HARRIS, Appellant,**

v.

**MALLINCKRODT INC., Appellee.**

**No. 88–2118.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1989.

Decided Sept. 21, 1989.

Charles L. Wiest, Jr., St. Louis, Mo., for appellant.

John B. Renick, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

In this age discrimination in employment dispute, appellant contends that the district court improperly excluded evidence tending to show that proffered reasons given for an adverse employment action were a pretext for injustice. Finding only harmless error, we affirm.

BACKGROUND

Appellant Harris, born July 31, 1921, worked as a chemist for appellee Mallinckrodt. Being over the age of 40 years, he falls within a class of persons protected from employment discrimination by 29 U.S.C. §§ 621 *et seq.* (1985) (ADEA). Harris began his employment with the appellee in 1966. He was terminated in 1985 when Mallinckrodt reorganized, consolidated and downsized the division in which he worked.

His termination came about as part of a reduction in force in which a total of 22 employees were discharged.

Harris was subjected to work appraisals at various times during his employment with Mallinckrodt. As a result of the evaluations, he received several criticisms, mostly related to low work output and failure to keep his paperwork up to date. Harris never received a rating in excess of satisfactory and in February 1978, December 1981, and December 1984 his satisfactory ratings were given with a "minus" or with a notation that "output could be improved." In October 1978 and January 1983, he was awarded an unsatisfactory rating and, in October of 1978 the unsatisfactory rating was accompanied by a period of probation.

The evidentiary dispute revolves around an early retirement program Mallinckrodt promoted in mid–1982. Harris was urged to take early retirement, but he refused. He contends that his low ratings resulted from his refusal to retire. The low marks, Harris claims, were a pretext for age discrimination and not a result of inadequate work habits. He says Mallinckrodt was attempting to force him to leave.

Mallinckrodt sought to exclude from evidence all facts concerning its attempt to get Harris to opt for early retirement and all facts relating to alleged job rating retaliation stemming from such attempt. It succeeded in convincing the district court that this evidence should not be received. Although reasons were advanced by Mallinckrodt for this ruling, both through arguments made prior to the district court action and in this appeal, there is no indication in the record as to the basis upon which the motion in limine to exclude was sustained by the trial judge.

## DISCUSSION

■■■ While we give substantial deference to rulings by a trial judge on the admissibility of evidence and we will not find error in the absence of a clear showing of abuse of discretion, *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 134 (8th Cir.1985), we conclude, in this instance, that it was a mistake to exclude this evidence. However, we find that the error does not warrant reversal.

We have frequently credited evidence concerning activities at the workplace as they occurred both before and after an adverse employment action. *See, e.g., Clements v. General Accident Ins. Co. of America*, 821 F.2d 489, 492 (8th Cir.1987) (evidence that manager had, several years prior to adverse employment action, refused to hire an applicant due to advanced age held to be probative of a general intent to discriminate because of age). Sometimes evidence showing the ambiance of the workplace, past and present, is crucial to a showing of intent, an element usually necessary for the establishment of a claimant's discrimination claim.

Here, however, the proffered evidence did not support the claim to the extent that its exclusion was reversible error. While the Mallinckrodt supervisor apparently urged Harris to take advantage of the early retirement plan, the evidence does not bolster the contention that his refusal to retire resulted in a lowering of appellant's job ratings. As earlier indicated, the early retirement plan was advanced in 1982. The ratings given subsequent to 1982 were essentially the same as those given prior to 1982. Thus, the contention that he was given lower ratings based on his refusal to retire, is not supported by anything proffered at trial by Harris. And, the evaluations from 1978 forward were all before the jury for its consideration.[1] Thus, the only facts excluded involved the offer of early retirement, the refusal and the evidence that Harris was urged, perhaps strenuously, to reconsider his refusal in the

---

1. In fact, the record shows that in August of 1979, his supervisor threatened termination based upon shortcomings noted since 1967. Prior comments of supervisors were reviewed and presented to Harris as follows:

   1967 – *Slow.*
   1971 – Slow–unnecessarily meticulous.
   1973 – Productivity could be improved.
   1974 – Meets minimum requirements–results need to be faster–resists MBO Program and is not satisfied with rating.

light of a possible future downsizing of his department.

There is no dispute that downsizing occurred in 1985. There is no dispute that 22 employees were terminated. There is no dispute that Mallinckrodt was entitled to make employment decisions upon any basis except one founded upon a motive prohibited by the Constitution or one of the civil rights laws. This statutory protection, of course, includes discharge as a result of invidious discrimination based upon age.

Here, however, there is overwhelming evidence that Mallinckrodt had sufficient nondiscriminatory reasons for its actions. Prior to 1982 and thereafter, the division of which Harris was part had seen a fifty percent decline in income, and business for the company as a whole was bad. In the department consolidation, 13 employees outside of the class protected by the age discrimination law were terminated and 9 within the class were discharged. There is no evidence in the record presented on appeal which indicates that Harris had work accomplishments that were equal to or better than the employment capabilities and ratings of the employees retained. In sum, Mallinckrodt had ample nondiscriminatory reasons to include Harris in the reduction in force. The information that he had been offered and urged to take an early retirement simply is not of sufficiently probative value, under the circumstances, to elevate the district court ruling to the level of reversible error.

CONCLUSION

Finding the error, if any, to be harmless beyond a doubt, we affirm.

|  | 1975 | – Lack of motivation, notebook not up to date, needs to improve planning–not promotable. |
|  | 1976 | – Needs to improve planning and record keeping. |
| 1/31 | 1978 | – Notebook not used and not up to date, needs to spend more time working. |
| 2/10 | 1978 | – Notebook not up to date, work output needs improvement, quality good–speed slow. |

| 6/9 | 1978 | – Notebooks not up to date. |
| 10/23 | 1978 | – Unsatisfactory performance–notebook, work output. |
| 1/15 | 1979 | – Notebooks completed. |