**Gregory L. DONALD, Appellant,**

v.

**Balfour J. RAST, Anthony D. Hogan, Allen S. Beach; and Board of Police Commissioners for the City of Kansas City, Missouri, Appellees.**

**No. 89–2481.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.
Decided March 1, 1991.

380

Daniel L. Epp, Dallas, Tex., for appellant.

Russell D. Jacobson, Kansas City, Mo., for appellees.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Gregory L. Donald appeals from the district court's [1] denial of his motion for a new trial following a jury verdict in favor of police officers Balfour J. Rast, Anthony D. Hogan, and Allen S. Beach in Donald's suit brought under 42 U.S.C. § 1983. We affirm.

## I.

Officer Rast, driving a police van, collided with Donald's vehicle on Interstate 70 near Kansas City. Officer Hogan investigated the accident and took Donald to the station for a breathalyzer test. Officer Beach administered the test, using a breathalyzer that can be manipulated by the operator. Hogan issued Donald one citation for driving a motor vehicle under the influence of an intoxicating beverage (DUI) and a second citation for careless driving.

Donald testified at trial that he had consumed one and one-half cans of beer on the morning of the accident but had played basketball all afternoon with nothing further to drink. Donald contended that Beach pushed the needle on the breathalyz-

**1.** The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

er so that it indicated that Donald had a blood alcohol content of .13 percent. Donald's theory of the case was that after Rast negligently collided with Donald's vehicle, Hogan arrested Donald without probable cause and Beach deliberately falsified Donald's breathalyzer test results in an attempt to protect Rast from being disciplined for the car accident.

## II.

■ Donald makes a number of arguments attacking the propriety of the district court's evidentiary rulings at trial. We give substantial deference to the district court's rulings on the admissibility of evidence, and we will not find error in the absence of a clear showing of abuse of discretion. *Harris v. Mallinckrodt, Inc.,* 886 F.2d 170, 171 (8th Cir.1989).

■ Donald claims that the district court unduly limited the scope of discovery when it refused to require the officers to produce their entire personnel files for Donald's review. Donald agreed to the district court's *in camera* review of the personnel files. At a pretrial conference, the district court read to Donald four potentially relevant documents from the personnel files. We agree with the district court that given the confidential nature of the information contained in a police officer's personnel file, this course of discovery was prudent and, moreover, was agreed to by Donald. Limiting the scope of discovery to *in camera* review of the personnel files was well within the district court's discretion, and we will not disturb its decision to read potentially relevant documents to Donald rather than to allow inspection of the documents themselves.

■ Donald asserts that the district court erred in denying admission of an administrative law judge's findings and order rescinding the suspension of Donald's drivers license. Public records are not admissible under Federal Rule of Evidence 803(8) if circumstances indicate a lack of trustworthiness. The district court excluded the findings due to the *ex parte* nature of the administrative proceedings. The district court did not err in so doing. We agree with the district court that because the jury might have given undue consideration to the *ex parte* administrative findings, unfair prejudice could have resulted to the officers.

■ Donald's DUI charge was dismissed when the city counselor failed to appear at Donald's trial. Donald argues that the district court erred in refusing to admit evidence of the dismissal in the present case. We agree with the district court's conclusion that the dismissal of charges for want of prosecution had no relevance to Donald's suit against Beach and Hogan.

■ Donald contends that the district court erred in suppressing evidence that Hogan had been reprimanded in the past for not being wholly truthful to his sergeant in his account of an earlier vehicular accident. Donald argues that the previous reprimands are admissable under Rule 405(b) as evidence of a trait of character that is at issue. We agree with the district court that Hogan's character was not at issue and that the admission of previous reprimands would only go to prove conformity with a certain character trait on the date of the collision. Rule 404(b) proscribes use of "other act" evidence for this purpose.

Donald argues that the district court erred in suppressing evidence that Beach had been reprimanded on several occasions. Donald argues that this would prove that Beach had knowledge that Rast could be disciplined for damaging Donald's vehicle, giving Beach a motive to falsify the breathalyzer test results in order to protect his fellow officer. The district court ruled that the evidence of past disciplinary action against Beach was not admissible under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues. Recognizing the wide discretion placed in, and the deference that must be given to, a trial judge in making a ruling under Rule 403, *Hicks v. Mickelson,* 835 F.2d 721, 726 (8th Cir.1987), we hold that the district court did not abuse its discretion in excluding the proffered evidence.

Finally, Donald moved for mistrial because his fiance testified that Donald had smoked marijuana. The district court gave a cautionary instruction to the jury that adequately cured any possible prejudicial effect on the jury caused by the remark.

Finding no clear error in the district court's evidentiary rulings, we therefore affirm the judgment.

ROSS, Senior Circuit Judge, dissenting.

Appellant Gregory L. Donald contends that on February 7, 1987, Officer Rast, who was driving a police van, negligently collided with appellant's vehicle. Appellant contends that Officer Hogan, who investigated the accident, falsely arrested appellant and charged him with driving while under the influence of alcohol. Furthermore, appellant contends that Officer Beach deliberately falsified the results of a breathalyzer test to show an erroneous blood alcohol content of .13 to support the false DUI charge. Appellant's theory of case is that the police officers took these actions in order to protect Officer Rast from possible departmental disciplinary action based on the fact that the February 7, 1987 accident was the second time that Officer Rast was involved in an automobile accident with a police vehicle in three months. The first incident occurred in November 1986 and, as a result of that incident, Officer Rast received a letter of reprimand from the chief of police.

Appellant was denied his request to introduce several key pieces of evidence tending to prove his theory of the case. Among them, appellant sought to introduce the findings of the ALJ in appellant's license suspension proceeding wherein the ALJ stated that the breathalyzer test results were unreliable because "the needle mark did not appear realistic." The ALJ also questioned the conclusion that appellant's blood alcohol content was .13 because such level was inconsistent with appellant's activities prior to the collision.

The appellant also sought to introduce state court records showing that the DUI charges against him had been dismissed for want of prosecution when the city prosecu-tor failed to appear for trial. Appellant was also denied the opportunity to introduce evidence that Officer Hogan had been suspended from the force on at least two occasions, including an incident in which he was reprimanded for not being wholly truthful in his account of a vehicular accident in which he was involved.

Given the highly questionable nature of the events herein, I believe that appellant was deprived of the opportunity to present his theory of the case and was, therefore, denied the opportunity of a fair trial. I disagree with the majority's conclusion that this evidence was properly excluded and, accordingly, I dissent.