Ella FREIDUS, Appellant,

v.

**FIRST NATIONAL BANK OF COUNCIL BLUFFS, a National Banking Corporation, Appellee.**

No. 90–5182.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1990.

Decided March 8, 1991.

William J. Srstka, Pierre, S.D., for appellant.

Donald E. Covey, Winner, S.D., for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FRIEDMAN,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Ella Freidus appeals from the district court's [1] judgment entered upon a jury verdict in favor of the First National Bank of Council Bluffs, Iowa, in Freidus' diversity suit for breach of contract. We affirm.

## I.

In 1987, Freidus, a resident of New York, purchased farm land in South Dakota from the bank on a contract for deed. In the summer of 1988, the bank commenced foreclosure because Freidus' annual payment was late. The parties settled the foreclosure action in March 1989. The settlement stipulation increased the interest rate on the contract from 7% to 8.5% and deleted the 60–day grace period on missed payments. Freidus collected a portion of the settlement money paid to the bank from a one-year lease of the land with an option to purchase held by Danielski Farming and Harvesting.

Upon reinstatement of the contract, Freidus requested consent from the bank to sell the land to Danielski as required by paragraph 16 of the contract for deed, which provides in part:

> *Assignment.* [Freidus] shall not assign this Contract or any interest therein, or any interest of the property purchased hereunder unless [the bank] first consents to such assignment in writing, which consent shall not be unreasonably withheld.

The bank responded to Freidus' request with terms for the sale in an April 20, 1989, letter that proposed that:

(1) The bank would receive Danielski's down payment in the year of sale, approximately $400,000, and would credit that against the balance due on the contract.

(2) The remaining balance on Freidus' contract would be reamortized to provide for a market rate of interest, not less than 10.5%, and the bank would receive all Danielski's payments until Freidus discharged its obligation to the bank in full.

(3) Freidus would pay the bank a 1% processing fee and reimburse the bank for costs and attorney's fees.

Freidus perceived this proposal as an unreasonable refusal to consent to the sale of the land to Danielski and sued the bank for breach of contract. On May 9, 1989, the bank sent another letter indicating the bank's final position on consent to the sale would allow the interest rate to remain at 8.5% and require half of the down payment in the year of sale.

In August 1989, the parties attempted to settle the litigation through a series of letters. The proposed settlement was conditioned upon completing the sale to Danielski. In December 1989, Danielski refused to close the transaction because of delay and changes to the contract. The case went to trial in March 1990. The jury found that the bank had not withheld consent to the sale unreasonably, and the district court entered judgment for the bank.

## II.

Freidus argues that several evidentiary rulings by the district court constituted an abuse of discretion. We give substantial deference to the district court's rulings on the admissibility of evidence, and we will not find error in the absence of a clear showing of abuse of discretion. *Harris v. Mallinckrodt, Inc.*, 886 F.2d 170, 171 (8th Cir.1989).

■ Freidus first challenges the district court's admission into evidence of two letters, Exhibits 19 and 20, exchanged during settlement negotiations between the parties in August 1989. Under Federal Rule of

---

* The HONORABLE DANIEL M. FRIEDMAN, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

Evidence 408, documents manifesting an attempt to settle litigation are not admissible to prove liability for or invalidity of a claim or its amount. Rule 408 does not, however, exclude "evidence offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed.R.Evid. 408.

The bank offered Exhibits 19 and 20 to rebut the testimony of Jacob Freidus, Ella's husband and agent. Jacob Freidus testified that the bank never gave any reason for its conditions on consent to the sale, "even up to this date," meaning to the date of trial. Exhibit 19, a letter from the bank's attorney to Freidus' attorney, explained the financial information the bank required before accepting Danielski as the assignee of Freidus' interest in the land. Exhibit 20, a letter from Freidus' attorney to the bank's attorney, outlined Freidus' understanding of alternative ways to bring Danielski to close the sale and requested concessions from the bank on the interest rate and other terms. The district court reasoned that the letters "negativ[ed] a contention of undue delay" by Freidus, and therefore admitted the letters under Rule 408.

We conclude that the district court did not abuse its discretion in admitting the challenged exhibits. The jury could well find that the letters, when read together, constituted a plausible explanation for the bank's unwillingness to immediately accede to Freidus' requested consent to assignment of her interest in the contract. Without question, the letters served to rebut Jacob Freidus' testimony that "even up to this date" the bank had failed to give any reasons for the conditions it had imposed on giving its consent, testimony that left unrebutted would have been devastating to the bank's position that it had not unduly delayed giving its consent. Accordingly, the challenged evidence was properly admissible under Rule 408.

Freidus next argues that the district court should have admitted the testimony of a certified public accountant explaining the potentially adverse tax consequences of the bank's April and May proposals. We agree with the district court that the relevance of such evidence was tenuous at best. Federal Rule of Evidence 403 permits a district court to exclude otherwise admissible evidence if its probative value is substantially outweighed by the danger that the evidence might confuse the issues or mislead the jury. We recognize the wide discretion placed in, and the deference that must be given to, a trial judge in making a ruling under Rule 403, *Hicks v. Mickelson*, 835 F.2d 721, 726 (8th Cir.1987), and accordingly will not disturb the district court's ruling here.

Finally, Freidus contends that the district court abused its discretion in revising jury instruction 13A and in answering a question from the jury as it did. We disagree with Freidus' contention that the instruction misdirected the jury. In fact, instruction as given is not materially different from Freidus' proposed instruction. Freidus' challenge to the district court's answer to the jury's question is without merit.

The district court's judgment is affirmed.