977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Everett B. ROBINSON, Appellant,
v.
M. D. REED, Warden, Varner Unit, Arkansas Department of
Correction; L. D. Williams, Varner Unit, Arkansas
Department of Correction; R. Moore, Varner Unit, Arkansas
Department of Correction; Major Gibson, Field Major, Varner
Unit; Officer Gray, Field Correctional Officer, Varner
Unit, Appellees.
 No. 91-3026.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 17, 1992.
Filed: September 30, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FAGG, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Everett B. Robinson appeals following a jury verdict for defendants in a claim based on 42 U.S.C. § 1983. For reversal, Robinson alleges five points of error by the district court.[1] We affirm.
 
 
 2
 Everett Robinson was incarcerated at the Arkansas Department of Correction on October 2, 1989. He was classified as M1, which means he was capable of doing physical labor, and was assigned to duty on the hoe squad. Between December 4, 1989, and January 11, 1990, Robinson reported to sick call several times, complaining of back and neck pain. He was given medication on these visits, and on December 5, 1989, his activities were limited by no bending or stooping for five days.
 
 
 3
 On January 11, 1990, Robinson complained of back pain and refused to perform work on the hoe squad. Defendants, correctional officers at Cummins Prison Farm, handcuffed Robinson and ordered him to walk behind the hoe squad for four hours. Robinson filed this claim on April 17, 1990, alleging violation of rights protected by the Fifth, Eighth, and Fourteenth Amendments. Robinson alleged that defendants were deliberately indifferent to his medical needs. He also alleged that the required physical labor caused him severe back pain, and that this pain amounted to cruel and unusual punishment. Robinson was appointed counsel and the case was tried to a jury. By special interrogatories, the jury found for defendants. On appeal, Robinson raises five points of error.
 
 
 4
 First, Robinson claims the district court erred in dismissing officer Gray as a defendant. Robinson had filed an amended complaint which named Gray as a defendant on June 20, 1990. On December 28, 1990, a magistrate judge[2] entered proposed findings and recommendations ordering that Gray be dismissed as a defendant and that counsel be appointed for Robinson. On January 4, 1991, counsel was appointed. That counsel sought and obtained relief from the appointment order, and Robinson's present counsel was appointed on February 28, 1991. On January 10, 1991, the district court adopted in entirety the magistrate judge's proposed findings and recommendations which had dismissed Gray.
 
 
 5
 Officer Gray was dismissed as a defendant because Robinson had not alleged that Gray knew of his medical problems or that Gray intentionally caused Robinson pain. Robinson argues the complaint was improperly dismissed under Neitzke v. Williams, 490 U.S. 319 (1989) (addressing dismissal of pro se plaintiff's complaints). However, we do not examine this case under Neitzke. When counsel was appointed for Robinson, he no longer was proceeding pro se. If Robinson had a viable complaint against Gray, appointed counsel should have filed an amended complaint adding Gray under Federal Rule of Civil Procedure 15(a). Because appointed counsel did not amend the complaint adding Gray, appellant may not raise this issue on appeal. See Terry v. Young, 932 F.2d 1273 (8th Cir. 1991).
 
 
 6
 Robinson next claims that the district court erred in denying Robinson's motion for appointment of a physician to serve as an expert witness. The district court had no obligation to provide Robinson with an expert witness. See Johnson v. Hubbard, 698 F.2d 286, 288-90 (6th Cir.), cert. denied, 464 U.S. 917 (1983). The relevant issue in Robinson's case was whether the defendants had knowledge of any physical condition suffered by Robinson which would indicate a serious medical need preventing him from performing physical labor. Robinson had access to his entire medical records, conducted a deposition of one of his physicians, and had an opportunity to cross-examine the physician at trial. Complex medical questions were not involved in this case and an expert witness would not have been helpful to the jury. A district court should exercise its discretionary power to provide an expert witness "only under compelling circumstances." United States Marshals Serv. v. Means, 741 F.2d 1053, 1058 (8th Cir. 1984). The district court did not err in denying Robinson's motion.
 
 
 7
 Robinson also claims the district court erred in denying his request for the production of the defendants' personnel files for inspection and copying. Robinson believed that the files might contain information about past violations of prisoners' civil rights or information about personality traits that would cause defendants to be indifferent to Robinson's physical needs. "A district court is afforded wide discretion in its handling of discovery matters...." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988). The district court stated that the information desired by Robinson would be of minor relevance. The information contained in the personnel files of the Arkansas Department of Correction was confidential and releasing it could cause security concerns. See Donald v. Rast, 927 F.2d 379, 381 (8th Cir.) (noting confidential nature of police officer's personnel file), cert. denied, 112 S. Ct. 96 (1991). We find that the district court did not abuse its discretion when it denied Robinson's request.
 
 
 8
 Robinson's fourth claim is that the district court erred in granting defendant Reed's motion for a directed verdict. A directed verdict is proper when the evidence presented is not capable of being interpreted in a manner to support the position of the nonmoving party. Toombs v. Bell, 915 F.2d 345, 347 (8th Cir. 1990). Robinson presented evidence that Reed drove by in a car and observed Robinson limping while walking behind the hoe squad. Robinson also testified Reed had once told him that he should go to the infirmary. This evidence was not sufficient to "allow reasonable jurors to differ as to the conclusions that could be drawn." Dace v. ACF Indus., 722 F.2d 374, 375 (8th Cir. 1983), adhered to as supplemented, 728 F.2d 976 (8th Cir. 1984). The district court did not err in granting Reed's motion for a directed verdict.
 
 
 9
 Finally, Robinson claims the district court erred by refusing to include in the special interrogatories the phrase that the defendants forced Robinson to perform work beyond his physical capacities. The district court "has broad discretion in framing interrogatories for a special verdict." Frensley v. National Fire Ins., 856 F.2d 1199, 1203 (8th Cir. 1988). Jury instruction number 12[3] listed the elements of Robinson's theory of the case. The interrogatories[4] which were given to the jury "fully and fairly" presented that theory and were sufficiently instructive "to allow the jury to make findings" on the issue. Id. The district court did not abuse its discretion in refusing to include the requested phrase in the interrogatories.
 
 
 10
 We find no error of law and no abuse of discretion in the district court's rulings. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [3]
 The relevant part of jury instruction 12 stated: "First, plaintiff had a serious medical need or condition which prevented him from performing the work required of him, and Second, defendant was aware of plaintiff's serious need or condition and inability to perform the work...." Jt. App. at 123
 
 
 [4]
 The interrogatories read: "Do you find from a preponderance of the evidence that defendant Williams was deliberately indifferent to plaintiff's serious medical need and therefore subjected him to cruel and unusual punishment?" Jt. App. at 125-27