Jackie MAY; Ray Cross; Robert Ellis; Tom Phillips; Pamela G. Anderson; Stephen Anderson; Lawrence Ault; Jim M. Barham; Jimmy Barnes; John William Beasley; Alvin W. Black; Retha Bogan; Robert Bogan; C.W. Bohn; Nada Cearley; Bill E. Chaney; Blair Chaney; Dan Chilcoat; Gary Denise Cooper; John Crump; Thomas W. Edington; B. Keith Eiland; Travis England; Roger L. Freeman; Richard Wayne Gentry; Andy Gitchell; Kathy Glass; L.P. Glass; Todd Gore; Greg B. Gortemiller; Jimmy Green; Calvin Hale, Jr.; Wilmer Harris, Doug Harvill; Brenda Hawthorne; J.W. Hornbeck; Greg S. Johnston; Grady E. Jones; Melvin Jones; Steven M. Jones; J.L. Kennedy; Bobby G. Lane; Archie

---

Lynn; Bruce B. McCrackin; Jimmy McEntire; William Mansfield; Eddie Mayberry; Thom A. Means; Johnnie Minter; Max O. Morman; Wanda Jean Moten; John K. Murphy; Bobby L. Nelson; Lewis A. Nelson; Nellie R. Nichols; Charles A. Pate; Bradley Pierce; John D. Pogue; C.N. Ratecliff; Larry W. Rinehart; Thomas M. Rinehart; Timothy R. Robertson; Tim Lesley Rushing; Stan Sanders; M.H. Sherwood, Jr.; Earl E. Slaton; Larry G. Smith; Nick Smith; Steve Smith; David Spanhanks; Bill Titsworth; Clinton J. Triplett; James D. Wagner; James Wall; Lynn L. Waller; Wayne Ward; Paul Watkins; Gerald C. Webb; Rodney Welch; Tim West; Robert E. Whitworth; Billy J. Williams; Jackie D. Williams; Roy N. May; Joseph D. Ardwin; J.D. Baxter; Douglas Cherry; J.R. Shuffield; John P. Slater; Willard Speers; J.S. Tomlin; Donald W. Vaughn; James W. Wilson; Coy Buford; Joseph A. Neil; Donald B. Talley; Artie C. Clark; Claude N. Gray, Appellees,

v.

ARKANSAS FORESTRY COMMISSION, Appellant.

No. 92–1870.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1993.

Decided May 14, 1993.

Rick D. Hogan, Asst. Atty. Gen., Little Rock, AR, argued (Mary B. Stallcup, Asst. Atty. Gen., on the brief), for appellant.

Philip E. Kaplan, Little Rock, AR, argued (Silas Brewer, Jr., on the brief), for appellees.

Before WOLLMAN, Circuit Judge, BEAM, Circuit Judge, and NANGLE,* District Judge.

BEAM, Circuit Judge.

The Arkansas Forestry Commission ("Commission") appeals a jury verdict awarding its employees back pay for hours they spent on call from April 4, 1987, to January 16, 1990. The Commission alleges numerous grounds for reversal including: Tenth Amendment immunity, improper jury instructions, and improper evidentiary rulings. We affirm the decision of the district court.

## I. BACKGROUND

The factual background of this case is described in detail in *Cross v. Arkansas Forestry Comm.*, 938 F.2d 912 (8th Cir.1991). Therefore, we will merely summarize the

---

* The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

relevant facts. On April 5, 1989, a class action suit was filed on behalf of ninety-nine Forestry Rangers ("employees") employed by the Arkansas Forestry Commission. This suit alleged that various Commission policies, including a policy of not compensating employees for time spent subject-to-call,[1] violated the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201 *et seq.* The district court granted summary judgment in favor of the Commission. We reversed and remanded the issue of subject-to-call compensation for trial. *See Cross,* 938 F.2d at 913–14. On remand, the employees sought back wages for the time they spent subject-to-call from 1987 to early 1990.

On January 13, 1992, the Commission filed a motion for summary judgment contending that the Tenth Amendment barred application of the FLSA to the state agency. The district court denied this motion. The employees then filed a motion in limine to exclude from evidence a stipulation entered into by the Department of Labor ("DOL") and the Commission on January 16, 1990. This stipulation resolved DOL's claims against the Commission for the same policies that gave rise to this lawsuit. The district court granted the motion in limine and did not permit the Commission to introduce the stipulation into evidence.

The trial began on February 24, 1992. On March 4, 1992, the jury returned a verdict in favor of the employees and awarded each employee eight hours per week back pay for the weeks between April 4, 1987, and January 16, 1990. The district court entered judgment and the Commission appeals.

## II. DISCUSSION

The Commission raises numerous arguments on appeal. They contend that: (A) Tenth Amendment immunity bars the application of the FLSA to state employers; (B) the district court erred by refusing to admit the DOL stipulation into evidence; and (C) various errors in instructing the jury resulted in reversible error.

### A. Tenth Amendment

■ The Commission vigorously argues that the Tenth Amendment prohibits any application of the FLSA to state employees. In making this argument, the Commission relies primarily on *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). Since *National League of Cities* was explicitly overruled by *Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the Commission cannot prevail on this claim. In *Garcia,* the Supreme Court decided precisely the Tenth Amendment question raised by the Commission: whether the FLSA covers state employees and whether this application of federal law comports with the Tenth Amendment. *Id.* at 554–56, 105 S.Ct. at 1019–20.

Relying on two recent Supreme Court cases, the Commission argues that the Court has indicated a dissatisfaction with *Garcia* and that this dissatisfaction amounts to an implied reversal. *See Gregory v. Ashcroft,* —— U.S. ——, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); *New York v. United States,* —— U.S. ——, 112 S.Ct. 2408, 120 L.Ed.2d 120

---

1. The subject-to-call policy was revised in 1987. The policy in effect prior to revision stated:

    The designation "subject to call" applies to all employees of the Forestry Commission, 24 hours per day, 7 days per week due to the nature of employment in an Agency charged with emergency operations. This means an employee may expect to be called back to duty during critical situations and will advise his/her supervisor of times when he/she is unavailable. No time is reported for subject-to-call. The employee may be required to leave word where they [sic] can be reached when on subject-to-call and off-duty status. This fulfills the employee's obligations under the Commission policies; allows supervisors to plan work force resources for emergency needs; and supports

    the goals of the Commission by providing protection and service to the citizens of Arkansas. After revisions in 1987, the policy provided:

    4.4 *Subject to Call:* The designation "subject-to-call" applies to all emergency response personnel 24 hours per day 7 days per week unless they are placed by their supervisor in status of either "on call" or "off-duty." While on subject-to-call an employee may expect to be called back to duty during critical situations and is' required to be available to respond to such call within thirty (30) minutes. No other requirement restricting an employee's activities while on subject-to-call is imposed. No work time may be reported while on subject-to-call status.

(1992). We are unable to agree with this contention. The cases upon which the Commission relies can be read in harmony with *Garcia*. In both cases the Court expressly stated that it did not reach the Tenth Amendment issue decided in *Garcia*. *New York*, —— U.S. ——, 112 S.Ct. at 2420 ("This case presents no occasion to apply or revisit the holding of [*Garcia* ]"); *Gregory*, —— U.S. at ——, 111 S.Ct. at 2403 (*Garcia* constrains the Court's ability to consider the limits that the state-federal balance places on Congress's power under the Commerce Clause.) The cases relied upon by the Commission, therefore, cannot by themselves be read as breaking with *stare decisis* and reversing *Garcia*.

The Commission also seems to indicate that we are at liberty to ignore *Garcia*, despite the fact that it is directly relevant Supreme Court precedent.[2] The Commission urges us to return to the contrary interpretation of the Tenth Amendment expressed in *National League of Cities*, the case *Garcia* expressly overruled. We must remind the Commission that we cannot diverge from Supreme Court precedent, regardless of what we might do if we were cutting from whole cloth. The Supreme Court may decide to revisit *Garcia* at some point in the future. Unless and until the Supreme Court does so, we are required to follow *Garcia*. We cannot, of our own accord, elect to apply the very principles that *Garcia* rejected; namely that the Tenth Amendment prohibits Congress from extending the FLSA to state employees.[3]

## B. Department of Labor Stipulation

The Commission asserts that the district court erred by refusing to admit a 1990 stipulation between the DOL and the Commission into evidence. Paragraph one of this stipulation states in part:

> [i]t is further the Secretary's position that the employer has not violated the Act by treating the "subject to call" time status, in which employees are required to respond to a fire call in thirty minutes, as noncompensable.

Appellant's Appendix at 6. The Commission argues that this stipulation is an agency determination, and is relevant evidence that the Commission acted in good faith. The Commission therefore contends that the district court erred by refusing to admit the stipulation into evidence under Federal Rule of Evidence 803(8)(C).[4] *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). The district court found that the stipulation constitutes an agency enforcement policy,[5] but excluded it

---

2. Both parties engage in complex calculations in an endeavor to demonstrate that a majority of the sitting Supreme Court Justices either oppose or support the *Garcia* decision. Such calculations, though undeniably interesting, are irrelevant to the case before us. *Garcia* is the law, and this court must follow its dictates.

3. The Commission also suggests that *Garcia* is inapposite because this case involves compliance with regulations promulgated by the DOL with authority delegated from Congress. Since these administrative authorities are appointed rather than elected, the Commission argues that the protections of state sovereignty via the political process contemplated by *Garcia* do not exist in this case. Again, we are constrained by the Supreme Court's decision in *Garcia*. The Supreme Court foreclosed this line of argument by concluding that the Tenth Amendment does not prevent the federal government from requiring states to comply with the FLSA.

4. Federal Rule of Evidence 803(8) provides in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

5. Viewing paragraph one in the context of the rest of the document, we are not convinced that the stipulation amounts to an agency enforcement policy within the contemplation of Rule 803(8). Paragraph six of the stipulation explicitly states that:

> [t]his stipulation is made upon the express understanding that it constitutes a negotiation with respect to all disputed items. Nothing in this stipulation shall constitute an admission by any party of the correctness or applicability of any claim, defense, rule, or interpretation of law or fact.

as overly prejudicial and irrelevant under Federal Rules of Evidence 403 and 402. *See* Pretrial Conference Transcript, at 19–20.

■ In reviewing this ruling, we must give substantial deference to the district court's decision on the admissibility of evidence, and we will not find error unless the district court clearly abused its discretion. *Freidus v. First Nat'l Bank of Council Bluffs,* 928 F.2d 793 (8th Cir.1991). Applying this deferential standard, we do not find that the district court's evidentiary ruling amounted to an abuse of its discretion.

■ The Commission advances two arguments in favor of admitting the stipulation. First, it contends that the stipulation serves to cut-off any claims for damages after January 16, 1990, the date the stipulation was signed. Second, the Commission argues that the stipulation serves as evidence of its good faith in continuing its nonrecompensed subject-to-call policy after January 16, 1990. If either of these points were at issue in this case, we might agree with the Commission that the stipulation would be relevant evidence. However, this lawsuit covers only the time period between the adoption of the policy, and the date of the stipulation. The employees make no claim that they are owed wages for time spent subject-to-call after January 26, 1990. Therefore the Commission does not need to prove the cut-off date for damages. Additionally, since state of mind is irrelevant to the FLSA violations alleged by the employees, good faith is not at issue in this case. *See* Pretrial Conference Transcript, at 16–17.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, evidence which is not relevant is not admissible. We agree with the district court's ruling that the stipulation is not relevant to this case, and therefore find that the

district court properly excluded it under Rule 402.[6] *See Donald v. Rast,* 927 F.2d 379, 381 (8th Cir.1991) (public records that relate to a topic not at issue in a case are excludable).

## C. Jury Instructions

The Commission alleges that the district court made numerous errors concerning the jury instructions. These purported errors include: (1) refusing to instruct the jury to consider the agreement between the parties in evaluating whether subject-to-call time constituted work; and (2) instructing the jury to apply an incorrect legal standard.

■ When reviewing a trial court's jury instructions for error, we must consider the instructions in their entirety. *Williams v. Valentec Kisco, Inc.,* 964 F.2d 723, 731 (8th Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Jury instructions are generally committed to the sound discretion of the district judge, and the district judge is entitled to a great deal of deference in his or her formulation of the jury instructions. *Federal Enter., Inc. v. Greyhound Leasing and Fin. Co.,* 849 F.2d 1059, 1061 (8th Cir.1988). A party is entitled to a legally correct instruction that is supported by the evidence, but there is no entitlement to any particular language in an instruction. *E.E.O.C. v. Atlantic Community Sch. Dist.,* 879 F.2d 434, 436 (8th Cir. 1989.) Moreover, a single erroneous instruction does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury. *Farmland Indus., Inc. v. Morrison–Quirk Grain Corp.,* 987 F.2d 1335, 1340–41 (8th Cir.1993). Examining the instructions given by the district court in this case, we are unable to find reversible error.

### 1. Subject-to-Call Agreement

■ The Commission assigns as error the district court's refusal to instruct the jury to consider whether an agreement about subject-to-call compensation existed between the

---

Appellant's Appendix at 8. This paragraph casts doubt upon the Commission's claim that paragraph one is admissible under Rule 803(8). Since we agree with the district court that this evidence is not relevant, however, we need not reach this issue.

6. Since we find that the stipulation is inadmissible on other grounds, we need not address the issue of prejudice under Rule 403.

Commission and its employees. The Commission proffered an instruction which read in part:

In order to determine whether the Plaintiffs are engaged to wait or waiting to be engaged you should consider among other things: ...

(8) The existence of any agreement whether written or verbal between the plaintiffs and the Commission regarding subject-to-call.

Appellant's Appendix at 157–158. The Commission contends that the evidence it presented at trial entitled it to the requested jury instruction. The Commission cites both the employees' testimony that they knew they had been hired to work subject-to-call, and the pre-employment questionnaires completed by the employees as evidence of an agreement.

To further bolster its argument, the Commission relies on *Skidmore v. Swift*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). In *Skidmore*, the Supreme Court stated that any determination of whether waiting time should or should not be compensable under the FLSA "involves scrutiny and construction of the agreements between the particular parties, [and] appraisal of their practical construction of the working agreement by conduct...." *Id.* at 137, 65 S.Ct. at 163. This language presupposes that an agreement between the parties exists. The Commission is entirely correct that if such an agreement between the parties exists, the interpretation of that agreement would be an issue for the jury. However, the district court decided that the Commission had not presented sufficient evidence of an agreement to warrant the requested jury instruction. The Commission unilaterally changed the subject-to-call policy in 1987. Furthermore, the testimony and documents on which the Commission relies are general statements that do not indicate knowledge of, or acquiescence to, the specifics of the subject-to-call policy. Accordingly, we find no error in the district court's refusal to give the requested instruction.[7]

**7.** The employees contend that if such an agreement did exist between the parties, it would be against public policy and therefore should not be considered a valid agreement. Because we find

■ Even if we agreed that the district court erred by refusing to give the proffered jury instruction, we are convinced that the error would be harmless. The court did not prevent the Commission from introducing evidence to support its contention of an agreement, and the court did instruct the jury that:

In determining whether the time the plaintiffs spent on subject-to-call status was spent for the defendant's benefit, you should consider the defendant's subject-to-call policy as it was in fact communicated to, and explained to, the plaintiffs and as it was implemented by the defendant.

Trial Transcript vol. VII, at 1295–96. Therefore, the jury had a full opportunity to consider any agreement that may have existed between the parties.

### 2. Relevant Standard

The Commission also contends that the district court did not instruct the jury on the correct test for determining whether subject-to-call time is compensable working time. The court instructed the jury that:

Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits constitutes compensable hours of work. Time spent at home "subject-to-call" may or may not be compensable, depending on whether the restrictions placed on the employee thereby effectively preclude that employee from using such time for his or her personal pursuits. Where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable. An employer is required to pay an employee for the time the employee spends working for the employer. Waiting time may be working time as well. An employee is working if he or she is spending his or her time for the employer's benefit. The test is not whether an em-

that the district court did not abuse its discretion in refusing the proffered instruction, we need not reach the public policy implications of such an agreement.

ployee's leisure is completely and totally curtailed, but rather whether it is so restricted that it cannot reasonably and effectively be utilized for the employee's benefit.

Trial Transcript vol. VII, at 1293–94.

The Commission argues that this instruction does not properly instruct the jury that time spent by employees in subject-to-call status must be spent *predominantly* for the employer's benefit in order to be compensable. Therefore, the Commission contends that this instruction impermissibly deviates from the standard set forth in *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944) (trier of fact must determine "[w]hether time is spent predominantly for the employer's benefit or for the employee's").

 It is true that this particular jury instruction does not specifically include the phrase "predominantly for the employer's benefit." We think, however, that the language cited by the Commission fairly states the law and the standard that the jury must apply. *See Cross v. Arkansas Forestry Comm.*, 938 F.2d 912 (8th Cir.1991). Even if this language, standing alone, does not adequately and fairly state the law to be applied, we must read the instructions in their entirety, rather than in isolation. *Valentec Kisco*, 964 F.2d at 731. An evaluation of the jury instructions as a whole reveals that the court incorporated the "predominantly for the employer's benefit" standard into other instructions including the sentences immediately preceding the ones cited by the Commission. These preceding sentences instructed the jury that:

> If you find from a preponderance of the evidence in this case that the plaintiffs have proved that any of their "subject-to-call" time was spent *predominantly* for the defendant's benefit, then your verdict should be for the plaintiffs. But if, on the other hand, you find from the evidence that the plaintiffs have not so proved, then your verdict should be for the defendant.

Trial Transcript vol. VII, at 1293 (emphasis added). We find that the instructions as a whole correctly state the applicable law, and

the district court did not commit reversible error.

The Commission raises a number of additional issues. We have carefully considered the arguments they set forth and find them to be lacking in merit.

## III. CONCLUSION

For the reasons stated above, we affirm the decision of the district court in all respects.