16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Sharon JACKSON, Plaintiff-Appellant,
v.
Keith GREENWALT, Defendant-Appellee,
and
Mitsubishi Heavy Industries, Inc., Defendant.
 No. 92-3559.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 11, 1994.
Filed: February 23, 1994.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jackson was injured at work when Greenwalt accidentally hit her in the back while he was driving a forklift. She filed suit, alleging negligence against Greenwalt and strict product liability against the forklift's manufacturer, Mitsubishi Heavy Industries. Only the claim against Greenwalt is at issue in this appeal.
 
 
 2
 At trial, Jackson attempted to introduce a letter she had received from the Social Security Administration informing her that her claim for disability benefits had been approved. The district court[1] excluded this evidence because Greenwalt had not been a participant in the proceedings before the Social Security Administration. At the close of the case, the court gave the jury a comparative fault instruction. Jackson appeals both decisions. We affirm.
 
 
 3
 The district court's decision to exclude the Social Security Administration's report is reviewed for an abuse of discretion. O'Dell v. Hercules, Inc., 904 F.2d 1194, 1204 (8th Cir. 1990). In light of the district court's observation (and the report's acknowledgement) that the Social Security Administration made its determination based solely on information Jackson provided, we cannot say the court abused its discretion; in fact, we think the decision to deny admission of the ex parte evidence was proper. Cf. Donald v. Rast, 927 F.2d 379, 381 (8th Cir.), cert. denied, 112 S. Ct. 96 (1991).
 
 
 4
 In reviewing the district court's decision to submit the issue of comparative fault to the jury, we must affirm the court's decision to give the instruction if, after "viewing the evidence in the light most favorable to the claimant, giving the claimant the benefit of all reasonable inferences, and disregarding the other party's evidence except as it aids the claimant's cause, there is substantial evidence to support it." H.H. Robertson v. V.S. DiCarlo General Contractors, Inc., 950 F.2d 572, 575 (8th Cir. 1991). After viewing the evidence in the light most favorable to Greenwalt, we conclude there was sufficient evidence to allow the jury to decide the issue of comparative fault. Specifically, there was evidence that Jackson knew that forklifts stopped and started without warning, that she saw Greenwalt's forklift in an aisle too narrow to turn around (meaning that to leave the aisle, Greenwalt would have to be travelling backwards) and that she stood with her back to the forklift. In light of this evidence, the district court did not err in giving the instruction. We affirm the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri